## WILSON DRAPER v. HAZARD P. AUSTIN.

### Evidence.

The plaintiff bought a quantity of butter of the defendant, to send to market. The defendant agreed, if there was any loss on the butter, to make it up to the plaintiff. The plaintiff sold the butter to H. at the same price he gave for it, and agreed to make up to H. any loss he might sustain on it. *Held*, that the plaintiff might testify to the fact of loss, from his knowledge thereof derived from accounts of sales rendered to H., and sent to the plaintiff by the consignees of the butter in market.

ASSUMPSIT. The declaration contained the general counts and a special count; but the plaintiff relied only on the general counts. Plea, the general issue. Trial by jury, and verdict for the plaintiff, April term, 1872, Franklin county, ROYCE, J., presiding. The plaintiff's claim was for loss on butter, $47.48.

The plaintiff's evidence tended to show, that on the 19th day of September, 1870, he was a dealer in butter, and was buying for the Boston market; that on that day, the defendant brought to Enosburgh Falls, where the plaintiff was then buying, ten tubs of butter, and offered to sell the same to the plaintiff; that the plaintiff was paying that day for good butter, forty cents a pound; that he examined the butter, and told the defendant that some of it was of an inferior quality, and he could not pay him forty cents a pound for it; that the defendant then proposed to him, if he would take the butter and pay him thirty-nine cents a pound for it, and do the best he could with it, if there should be a loss on it, he would pay or make up to the plaintiff whatever the loss might be; that the plaintiff assented to the proposition, and took the butter upon those terms. That the butter, at thirty-nine cents a

pound, amounted to $202.02, which sum the plaintiff paid the defendant within a week thereafter; that the plaintiff purchased but a small quantity of butter that day, and in the evening sold all the butter he had purchased to one E. L. Hibbard, a dealer in butter, who had been buying at the same place that day for the butter market; that the agreement with Hibbard was, that he was to pay the plaintiff thirty-nine cents a pound for the butter the plaintiff had of the defendant, and ship it with the rest of his butter, to Boston, to be sold; and if there should be a loss on it, the plaintiff would make it up to him; that Hibbard shipped the butter according to the agreement, and after it had been sold, showed the plaintiff an account of sales, which purported to have been rendered by the parties to whom it was consigned for sale, from which it appeared that there had been a loss on it of 47.48, which sum he claimed of the plaintiff; that the plaintiff then promised Hibbard to pay said sum, but did not in fact pay it to him until after the commencement of this suit. The plaintiff was a witness on trial, and was asked if there was a loss on said butter, and he replied that there was. He was then asked how much the loss was. The defendant objected to his answering the question, upon the ground that the plaintiff had no knowledge of the amount of such loss, except by hearsay. But the court ruled that for the purposes of this trial, he might answer the question; to which the defendant excepted. The plaintiff then answered that the loss was forty-seven dollars and forty-eight cents. On the cross-examination of the plaintiff, the defendant's counsel asked him if he had any means of knowing what the loss on said butter was; to which he replied that he knew from seeing the accounts of sales which the firm that sold the butter, sent to Mr. Hibbard, and from an account of sales of the butter which said firm sent to him, then before him.

The defendant's testimony tended to show, that no such contract as claimed by the plaintiff was ever made; but that he sold said butter absolutely and unconditionally to the plaintiff, at thirty-nine cents a pound.

The defendant requested the court to charge the jury, that there was no legal evidence in the case, tending to show a loss on

the butter, and that the evidence, uncontradicted, was not sufficient to entitle the plaintiff to recover. The court declined so to charge ; but charged that whether there was any loss on the butter, or not, was a question of fact for the jury to find, upon the evidence. To the refusal to charge as requested, and to the charge as given, the defendant excepted. Other points of exception were saved at the trial ; but, not being urged in this court, it is unnecessary to state them.

*Davis & Adams* and *Edson & Rand*, for the defendant.

Witnesses must testify from knowledge, and not from hearsay. 1 Greenl. Ev. 113, § 98. The plaintiff, confessedly, had no knowledge of the fact or amount of loss, except that derived from seeing what purported to be an account of sales sent to him, and one sent to Hibbard, by the consignee. The case, therefore, clearly comes within the rule excluding hearsay. *Miner, Queen & Child* v. *Hepburn*, 7 Cranch, 290.

*H. S. Royce*, for the plaintiff.

The inquiry made of the plaintiff in relation to the amount of his loss on the butter in question, was properly allowed. It is not hearsay testimony. The objection was, not that the plaintiff was attempting to state what others had told him, but that his *knowledge of the loss* was derived from the statements of others. If the plaintiff knew that he had lost on the butter, he could testify to it, and his knowledge of the loss was derived from evidence which is generally received and acted on in transactions of the kind. *Cleveland & Toledo R. R. Co.* v. *Perkins*, 17 Mich. 296, (reported in Am. Law Rev. Oct. 1869, p. 130) ; *Lush* v. *Druse*, 4 Wend. 313 ; *King* v. *Woodbridge*, 34 Vt. 565 ; *Laurent* v. *Vaughn*, 30 Vt. 90 ; *Melendy* v. *Ferson*, 51 N. H. 420.

The inquiry by the defendant's counsel as to the plaintiff's knowledge and his means of knowledge of the loss on the butter, is a waiver of any objection to the testimony thus elicited.

The opinion of the court was delivered by

WHEELER, J. The only point of exception that has been urged by counsel for the excepting party, or that is decided by the court,

29

is as to the question allowed to be asked of, and answered by, the plaintiff while he was testifying, as to how much the loss on the butter was. The plaintiff's testimony tended to show a contract by which the defendant was to pay the plaintiff whatever loss there should be, if any, on the butter. The amount of the loss, although it was arrived at by oral and written communications had with other persons, was itself a fact which might be proved by any competent witness who had knowledge of it. These communications were not hearsay statements of the fact, but were a part of the transactions that constituted the fact.

Judgment affirmed.